MARC GORDON (DC Bar No. 430168)
marc.gordon@usdoj.gov
(202) 305-0291
(202) 353-7763 (fax)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611 – Ben Franklin Station
Washington, D.C. 20044-7611

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. EDCV 16-1131-GW(KKx) |
| Plaintiff, ) | |
| ) | |
| v. ) | FINDINGS OF FACT |
| ) | AND CONCLUSIONS OF LAW |
| 20.00 ACRES OF LAND, MORE ) | |
| OR LESS, SITUATE IN SAN ) | |
| BERNARDINO COUNTY, STATE ) | |
| OF CALIFORNIA; THE OLLIE ) | |
| SMITH LIVING TRUST; ) | |
| UNKNOWN OWNERS; ) | Trial: November 9, 2017 |
| STATE OF CALIFORNIA; AND ) | Time: 8:30 a.m. |
| SAN BERNARDINO COUNTY ) | |
| TAX COLLECTOR, et al., ) | |
| ) | The Honorable George H. Wu |
| Defendants. ) | |

Trial by narrative statement pursuant to Local Rule 43-1 commenced on November 9, 2017 at 8:30 a.m. Plaintiff, United States submitted its Trial Brief and the Declaration of Robert W. Colangelo, and appeared by Trial Attorney Marc

1

Gordon. No answer or appearance was made by any named defendant. Having reviewed the pleadings and papers filed herein, and argument of counsel having been heard, the Court makes these Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52.

## I. FINDINGS OF FACT

### A. THE SUBJECT PROPERTY

1. This is an action by the United States to condemn real property. The property is described as follows ("Subject Property"):

> The West ½ of the Northwest ¼ of the Southeast ¼ of Section 5, Township 31 South, Range 46 East, Mount Diablo Meridian, County of San Bernardino, State of California, according to United States Government Township Plat.
>
> This Tract No. 366 is also known as Assessor's Parcel Number 0507-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, containing 20.00 acres, more or less.

Dkt. 1, Schedule B.

2. The estate taken by the United States in the Subject Property is:

> fee simple title to the land, subject however, to existing easements for public roads and highways, public utilities, railroads and pipelines; excepting and excluding therefrom an undivided ½ interest in all oil and mineral and the rights appurtenant thereto which are outstanding in parties other than the surface owners.

Dkt. 1, Schedule C.

3. Prior to the institution of this action, the Subject Property was owned by Ollie I. Smith as Trustee of the Ollie I. Smith Living Trust dated August 3, 1996. *See* Declaration of Robert W. Colangeo ("Colangelo Decl.") ¶ 5, Exhibit 2.

4. Plaintiff's agency, the United States Army Corps of Engineers ("Corps or COE") was informed that Mr. Smith had died. The Corps was unsuccessful in finding a successor owner. *Id.*

5. The Corps obtained an appraisal which valued the property at $11,000. Colangelo Decl. at ¶ 4, Exhibit 1.

6. The Corps was unable to negotiate a purchase of the Subject Property because it was unable to find the owner or a successor owner.

**B. PROCEDURAL HISTORY**

7. This action was filed on May 31, 2016. Dkt. 1.

8. The deposit of estimated just compensation of $11,000.00 was made on June 1, 2016. Dkt. 8.

9. The Declaration of Taking was filed on September 15, 2016. Dkt. 15.

10. Notice of Filing Proof of Service by publication was filed on January 17, 2017. Dkt. 21.

11. Notice of Filing Proof of service by certified mail was filed on January 19, 2017. Dkt. 22.

12. No defendants have answered or appeared.

## II. CONCLUSIONS OF LAW

13. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1358.

14. Title to the property and estate as described in the complaint and Declaration of Taking vested in the United States upon the filing of the Declaration of Taking and the deposit of estimated just compensation. *See* 40 U.S.C. § 3114(b).

15. The United States has not demanded a jury trial. No other party has answered or appeared. Accordingly, this action may proceed to trial before the bench without a jury. *Zahn v. Geren*, 245 Fed. Appx. 696, 697 (9th Cir. 2007).

16. Pursuant to Fed. R. Civ. P. 71.1 and the Declaration of Taking Act, 40 U.S.C. § 3114, the two issues before the Court are: (1) the amount of just compensation to be paid by the United States for this taking; and (2) the distribution of the just compensation. The Court has the authority to determine to whom and how much an award in condemnation should be paid and it has the authority to apportion the award. *See United States v. 14.02 Acres*, 547 F.3d 943, 956 (9th Cir. 2008) ("In the absence of a contractual arrangement among property owners, it was proper for the district court to apportion the total amount of just compensation by 'judicial intervention.'"), *citing United States v. 1.377 Acres of*

*Land*, 352 F.3d 1259, 1269 (9th Cir. 2003). *See also* Fed. Rule. Civ. P. 71.1(h) (the court tries all issues unless a jury is demanded or a commission appointed).

17. Federal condemnation actions are functions essential to the federal sovereign. *Kohl v. United States*, 91 U.S. 367, 371 (1875). Due to its essential nature and constitutional underpinnings, "federal law rules" both in determining the right of the United States to acquire property and in the determination of just compensation. *See United States v. 93.970 Acres of Land*, 360 U.S. 328, 332-333 (1959). Under federal law, the landowner bears the burden of proof in establishing the amount of just compensation. *See United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1140 (9th Cir. 1999).

The property was appraised for $11,000. Colangelo Decl. at ¶ 4, Exhibit 1. The United States deposited the appraised amount as estimated just compensation. No owner having appeared or answered, the Court finds that the appraised value, $11,000.00 should be held to be the just compensation due for the taking of the Subject Property.

18. Judgment shall be entered against the United States of America in the amount of $11,000.00 in favor of Defendants.

19. Plaintiff has fully satisfied the Judgment by its deposit of the full amount of just compensation, $11,000.00, into the Registry of the Court.

5

16cv1131

20. Service having been properly made, and no other parties having appeared in this action, it is proper for this Court to find that the owner of the property, as of the date title vested in the United States, September 15, 2016, was Ollie I. Smith as Trustee of the Ollie I. Smith Living Trust dated August 3, 1996, and/or the successor of Ollie I. Smith. The Clerk of the Court is ordered to retain the deposited funds for five years following entry of judgment and provide that Ollie I. Smith as Trustee of the Ollie I. Smith Living Trust dated August 3, 1996, and/or the successor of Ollie I. Smith may submit claims to the Court, and upon full proof of the right thereto, obtain an order directing payment of the funds the Court has found them entitled to. Further, pursuant to 28 U.S.C. § 2042, the judgment should direct the Clerk to thereafter deposit those funds into the Treasury in the name and to the credit of the United States and provide that thereafter any claimant entitled to any such money may, on petition to the court and upon notice to the United States Attorney and full proof of the right thereto, obtain an order directing payment.

DATED: November 9, 2017

*George H. Wu*
GEORGE H. WU, U.S. DISTRICT JUDGE

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | |
| 3 | /s/_____ |
| | MARC GORDON (DC Bar No. 430168) |
| 4 | marc.gordon@usdoj.gov |
| 5 | (202) 305-0291 |
| | Trial Attorney |
| 6 | U.S. Department of Justice |
| 7 | Environment & Natural Resources Division |
| | P.O. Box 7611 – Ben Franklin Station |
| 8 | Washington, D.C. 20044-7611 |
| 9 | |
| 10 | Attorney for Plaintiff |